UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

| | |
|---|---|
| IN RE:<br><br>Rachel Spitz,<br>Debtor | Case No. 25-10313-KB<br>Chapter 13 |

## OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

Now Comes Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust and files its objection to the Debtor's Chapter 13 Plan.  In support of its objection, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust states as follows:

1. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust is the holder of the first mortgage on the debtors' property located 201 Glen Ledge Road, Bartlett, NH.

2. The mortgage to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust is in default with an approximate pre-petition arrearage of $64,351.91 and an approximate total debt balance of $368,684.26. By the filing of its objection, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust sets forth its demand for payment and intent to hold the debtor liable for the debt. The Proof of Claim bar date is July 21, 2025.

3. The Debtor's Chapter 13 Plan provides for no payment of $64,351.91 in pre-petition arrears to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust as required by 11 U.S.C. §1325(a)(5)(B).

4. Paragraph 13 of the debtor's Chapter 13 Plan states as follows: *"This is a sale plan; the debtor intends to sell her residential real estate located at 201 Glen Ledge Road in Bartlett. N.H. ("property") and use the proceeds to pay creditors. No later than 30 days after confirmation of the plan, the debtor will file with the Bankruptcy Court a Motion to Sell Real Estate and an Application to Employ Real Estate Broker. Proceeds from the sale of estate property shall be disbursed: 1: to pay administrative claims related to the sale, including any broker's commission; 2nd, to pay allowed secured claims including those of the mortgagee and any other liens attaching to the property in order to complete a closing: 3rd, to pay the Chapter 13 Trustee fee; 4th. to pay the debtor her allowed homestead exemption; 5th ,to pay timely filed unsecured claims pro rata according to the priorities set forth in 11 USC s. 726. Any remaining funds will be refunded to the debtor. The debtor estimates that unsecured creditors will be paid a dividend of 100% on their claims."*

5. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust objects to this treatment on the following grounds:

   a. Plan provides for no ongoing monthly Mortgage payments pursuant to 11 U.S.C. § 1322(b)(5).



b. Per schedule J, the debtor's net income is $203.73. The Debtor does not have the net disposable income to pay the expected claim arrears and maintain ongoing payments as she is required to do.  Plan is not feasible and is a violation of 11 U.S.C. § 1325 (a)(6).

c. Debtor's proposed Plan is not confirmable as it does not have the assent of the creditor, it does not cure and maintain payments and it does not surrender the property in pursuant to 11 U.S.C. §1325(a)(5).

WHEREFORE, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan or for such other relief as the Court deems just and proper.

Respectfully submitted,
Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
NH Bar Number 265894
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
nhbk@harmonlaw.com

Dated: June 25, 2025

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

IN RE:

Rachel Spitz,
Debtor

Case No. 25-10313-KB
Chapter 13

CERTIFICATE OF SERVICE

I, Joseph Dolben, state that on June 25, 2025, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of New Hampshire on behalf of Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Douglas Beaton
Lawrence Sumski
Office of the United States Trustee

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non CM/ECF participants:

Rachel Spitz
a/k/a Rachel Broadhurst,
d/b/a Family Law Foundation
100 Main Street, #110-5
Concord, MA 01742

Respectfully submitted,
Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of Homes 2023-NQM2 Trust,
By its Attorney

/s/ Joseph Dolben
Joseph Dolben
NH Bar Number 265894
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617)558-0500
nhbk@harmonlaw.com

Dated: June 25, 2025